UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMIE SLACK,<br><br>                    Plaintiff,<br><br>     v.<br><br>S. KARIKO, et al.,<br><br>                    Defendant. | Case No. C20-05508-RSM-SKV<br><br>ORDER SETTING HEARING ON MOTION TO WITHDRAW AS COUNSEL AND RE-NOTING MOTION, AND GRANTING MOTION TO STAY DISPOSITIVE MOTION DEADLINE |

Plaintiff's counsel, Jay Krulewitch, filed a Motion to Withdraw as Attorney.  Dkt. 70. Both Defendants and Plaintiff, Tommie Slack, submitted objections to the motion.  *See* Dkts. 71, 73 & 75.  The Court, having reviewed the briefing and relevant record, finds a hearing would be helpful in resolving the issues presented by the Motion to Withdraw as Attorney and objections.

Defendants have also filed a Motion to Stay seeking to stay the dispositive motion deadline, currently set for April 11, 2022, pending the Court's decision on the Motion to Withdraw as Attorney.  Dkt. 76.  "A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a

stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  As set forth below, the hearing on the Motion to Withdraw as Attorney will not be held until after the current dispositive motion deadline expires.  Accordingly, the Court finds good cause is shown to extend the dispositive motion deadline in this case and further that a stay of the dispositive motion deadline is appropriate under the above standard pending a decision on the Motion to Withdraw as Attorney.[1]

Accordingly, the Court hereby ORDERS:

(1)     Plaintiff's counsel, Plaintiff, and Defense counsel are hereby directed to appear for a hearing via Zoom.gov on **April 20, 2022, at 10:00am**, to be held before the Hon. S. Kate Vaughan, United States Magistrate Judge.  If any issues arise, particularly with respect to Plaintiff's ability to appear, the parties should immediately contact the Clerk.  The Clerk is directed to re-note the Motion to Withdraw as Attorney, Dkt. 70, to **April 20, 2022**.

(3)     Defendants' Motion to Stay, Dkt. 76, is GRANTED.  The dispositive motion deadline is stayed pending the Court's decision on the Motion to Withdraw as Counsel.  Upon rendering a decision on the Motion to Withdraw as Counsel, the Court will issue an amended scheduling order setting a new dispositive motion deadline and adjusting any other deadlines as appropriate.

---

[1] The Court notes that Defendants' Motion to Stay, Dkt. 76, was recently filed and that Plaintiff has not had an opportunity to respond to the motion.  However, the Court finds that, under the circumstances here, a response is not necessary for the Court to decide the Motion to Stay.

ORDER SETTING HEARING ON MOTION TO
WITHDRAW AS COUNSEL AND RE-NOTING
MOTION, AND GRANTING MOTION TO STAY
DISPOSITIVE MOTION DEADLINE - 2

(4)     The Clerk is directed to provide copies of this order to Plaintiff's counsel, Plaintiff, Defense counsel, and to the Hon. Ricardo S. Martinez.

Dated this 7th day of April, 2022.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER SETTING HEARING ON MOTION TO
WITHDRAW AS COUNSEL AND RE-NOTING
MOTION, AND GRANTING MOTION TO STAY
DISPOSITIVE MOTION DEADLINE - 3