UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMIE SLACK,

              Plaintiff,

    v.

S. KARIKO, et al.,

              Defendants.

Case No. C20-05508-RSM-SKV

ORDER RE: MOTION TO WITHDRAW AS ATTORNEY

## INTRODUCTION

Plaintiff's counsel, Jay Krulewitch, filed a Motion to Withdraw as Attorney ("Motion"). Dkt. 70. Both Defendants and Plaintiff submitted objections to the motion. *See* Dkts. 71, 73, 75, and 78. On April 18, 2022, Kurt Bulmer filed a Declaration in support of Mr. Krulewitch's Motion. Dkt. 79. On April 20, 2022, the Court held a hearing to address the Motion. The Court, having now considered the briefing, argument and relevant record, herein GRANTS the Motion to Withdraw.

## BACKGROUND

Plaintiff initiated this matter on June 1, 2020. Dkt. 1. His pro se 42 U.S.C. § 1983 civil rights complaint named thirteen Defendants and alleged deliberate indifference to his serious

ORDER RE: MOTION TO WITHDRAW AS
ATTORNEY - 1

medical needs in violation of the Eighth Amendment during his incarceration by the Washington State Department of Corrections (DOC). Dkt. 5.

On April 2, 2021, Plaintiff's counsel entered an appearance on Plaintiff's behalf. Dkt. 45. The Court thereafter entered a case schedule, Dkt. 51, and twice granted stipulated continuances of one or more case deadlines, Dkts. 53 & 65. The most recent case schedule included a March 11, 2022 discovery deadline, April 11, 2022 dispositive motion deadline, and a trial set for August 8, 2022. Dkt. 65. However, at Defendants' request, the Court stayed the dispositive motion deadline pending the Court's decision on the instant motion. Dkt. 77.

Plaintiff's Counsel filed an Amended Complaint on December 8, 2021. Dkt. 65. The amended complaint alleges violations of the Eighth Amendment through a failure to protect and deficient medical care and treatment, and names one additional Defendant. On January 13, 2022, counsel filed the motion seeking to withdraw as counsel of record. Dkt. 70.

## DISCUSSION

A.   Motion to Withdraw

Local Civil Rule (LCR) 83.2(b) requires that an attorney seeking to withdraw an appearance obtain leave of court through a motion or stipulation. LCR 83.2(b)(1). A request to withdraw will "ordinarily be permitted" until sixty days prior to the deadline for completion of discovery. *Id*. "Unless the attorney withdraws in accordance with these rules, the authority and duty of an attorney of record shall continue after final judgment." LCR 83(b)(7). Factors considered in evaluating a motion to withdraw include: "'(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" *Russell v. Samec*, No. C20-0263-RSM-JRC, 2021 WL 3130053, at *1

1  (W.D. Wash. July 23, 2021) (quoting *Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2014

2  WL 556010, at *4 (W.D. Wash. Feb. 12, 2014)).

3   In support of his request to withdraw, Plaintiff's counsel asserts a difference of opinion

4  over tactics and strategy, causing an irreconcilable conflict with Plaintiff.  Dkt. 70 at 1; Dkt. 70-

5  1, ¶5.  He asserts that, while this "very strong" difference of opinion "does not involve anything

6  dishonest, untruthful, or unlawful[,]" he can no longer properly and effectively provide

7  representation in this matter.  Dkt. 70-1, ¶5.  He requests both permission to withdraw and a

8  seventy-five day extension of case deadlines to allow Plaintiff additional time to obtain substitute

9  counsel.  He also asks that the Court consider referring this case to the Court's Pro Bono Panel

10 for possible assignment of counsel.   Dkt. 72 at 5.  Kurt Bulmer, an attorney specializing in

11 matters relating to professional responsibility, declared that, based upon his review of the record

12 including pleadings and communications between Mr. Krulewitch and Mr. Slack, a non-waivable

13 conflict of interest existed that mandated Mr. Krulewitch withdraw as counsel.  Dkt. 79 at ¶¶ 12,

14 15.

15   Plaintiff objects to the motion.  He, in particular, expresses concern over the fact counsel

16 never provided him with a copy of the amended complaint.  He otherwise disputes contentions of

17 counsel and states counsel informed him of an inability to find an expert witness and "just turned

18 his back alleging irreconcilable conflict."  Dkt. 75 at 2.[1]  Defendants note that, as of the January

---

[1] When represented by an attorney of record, a party may not "appear or act on his or her own behalf in that case, or take any step therein," until making a proper request and granted an order of substitution allowing the party to proceed pro se.  LCR 83.2(b)(5). Given this rule, this Court has, on at least one occasion, declined to consider pro se objections to an attorney's motion to withdraw. *Sidbury v. Boeing*, No. C14-1446-JCC, 2015 WL 11714358, at *2 (W.D. Wash. June 24, 2015) (citing precursor to LCR 83.2(b)(5)).  *But see Ville v. First Choice in Home Care*, No. C17-0548-JLR, 2018 WL 1040190, at *1-2 (W.D. Wash. Feb. 21, 2018) (considering pro se objections with no mention of LCR 83.2(b)(5)).  In this instance, Plaintiff submitted two documents in opposition to the motion to withdraw, neither of which were timely filed and the latter of which is characterized as a motion.  *See* Dkts. 73 & 75.  Because the

ORDER RE: MOTION TO WITHDRAW AS
ATTORNEY - 3

13, 2022 filing of the motion to withdraw, less than sixty days remained before the expiration of the March 11, 2022 discovery deadline. The motion is therefore not one "ordinarily . . . permitted" under LCR 83.2(b)(1). Defendants further argue none of the relevant factors favor granting the request to withdraw.

1. <u>Reason for Withdrawal</u>:

Plaintiff's counsel asserts that the difference of opinion regarding tactics and strategy and resulting irreconcilable conflict with Plaintiff justifies granting his request to withdraw. *See, e.g., Sidbury v. Boeing*, No. C14-1446-JCC, 2015 WL 11714358, at *1-2 (W.D. Wash. June 24, 2015) (permitting withdrawal where attorney asserted a disagreement as to the direction a case should go and the Court found the reason cited – "an *actual* conflict of interest" involving the Rules of Professional Conduct that impacted the attorney's ability to properly represent the client – "a grave one") (emphasis in original); *Spangler v. Cty. of Ventura*, No. C16-9174, 2017 WL 10560629, at *1 (C.D. Cal. Aug. 11, 2017) (noting "a conflict of interest ordinarily constitutes a sufficient basis" for withdrawal and that such a conflict "is present when there has been an irreparable breakdown of the working relationship between counsel and client.") (cleaned up and citations omitted). Defendants note counsel's failure to provide any detail as to his alleged strategic differences with Plaintiff and deny this reason is persuasive given that counsel had been involved in this case for more than ten months before seeking to withdraw.

The absence of detail underlying a conflict of interest between an attorney and client does not preclude an order allowing for the attorney's withdrawal. *See, e.g.*, *Spangler*, 2017 WL 10560629, at *1 & n.2 (accepting counsel's representation that the undisclosed communications

---

Court finds it to allow a more complete understanding of the issues, it considers Plaintiff's objections to the motion to withdraw. Also, because the Court declines to construe the second of Plaintiff's submissions as a separate motion, it herein directs the Clerk to STRIKE the noting date for the "Motion to Object", Dkt. 75.

ORDER RE: MOTION TO WITHDRAW AS
ATTORNEY - 4

with the client caused an "irreparable breakdown in the attorney-client relationship"). Indeed, and as Plaintiff's counsel observes, the disclosure of such details may violate the Washington Rules of Professional Conduct (RPC). *See* RPC 1.6 (precluding an attorney from revealing "information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted" by certain delineated exceptions). In this case, the details underlying the alleged conflict of interest remain unclear. However, the Court finds no basis to doubt the representations of Plaintiff's counsel or question the opinion of Mr. Bulmer. It further finds an irreconcilable conflict as to tactics and strategy preventing proper and effective representation to constitute a proper basis for withdrawal. Accordingly, this factor weighs in favor of granting the motion.

        2.      <u>Prejudice, Harm to Administration of Justice, and Delay</u>:

Defendants note that this matter has been pending since 2020 and repeatedly delayed due to extensions requested by Plaintiff's counsel. They assert they will be prejudiced and the administration of justice will be harmed if this matter is further delayed by the withdrawal of counsel and if Plaintiff is afforded seventy-five days to obtain substitute counsel. They also observe that three of the fourteen named Defendants have not yet been served, five are no longer employed by the DOC, and one lives overseas and works only in a limited capacity, while the remaining five Defendants have changed DOC jobs and locations since 2018.

Plaintiff's counsel responds that the conflict of interest did not arise until late December 2021 and that he was thereafter unable to communicate with Plaintiff through January 10, 2022, when he learned Plaintiff had been incarcerated in the Benton County Jail. Dkt. 72 at 2-3. He notes he filed the motion well in advance of the August 2022 trial date and has continued to

ORDER RE: MOTION TO WITHDRAW AS
ATTORNEY - 5

pursue service on the additional Defendant named in the amended complaint.  Counsel rejects the allegations as to prejudice, harm, and delay, noting Defendants have yet to serve any discovery requests or to seek Plaintiff's deposition, as well as ongoing delays caused by the COVID-19 pandemic.  *Id*. at 4-5.

This matter has been pending for more than a year and a half and it is undisputed the withdrawal of Plaintiff's counsel would further delay the proceedings.  However, whether or not counsel is permitted to withdraw, delay appears inevitable.  Service on one or more of the Defendants remains incomplete, it is unclear what, if any, discovery has been conducted, and the discovery deadline has now passed and the dispositive motion deadline stayed.  In other words, it appears the deadlines in this matter would necessarily be extended even if the Court denied the request to withdraw.  The Court is not, as such, persuaded the motion should be denied based on considerations of prejudice, the alleged harm to the administration of justice, or additional delay.  The Court, instead, finds the request to withdraw properly granted.

B.      Additional Relief Requested

As stated above, Plaintiff's counsel also requests a seventy-five day extension of case deadlines to allow Plaintiff additional time to obtain substitute counsel and referral of this case to the Pro Bono Panel for possible assignment of counsel.  The Court finds an extension of the deadlines in this matter appropriate and, indeed, necessary for the reasons set forth above.  The Court will promptly enter a revised case schedule extending the remaining case deadlines and providing for additional time for Plaintiff to determine whether to file a second amended complaint and obtain counsel.

The Court, however, declines to direct the appointment of counsel.  While a person generally has no right to counsel in a civil action, *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.

1998), "exceptional circumstances" may prompt the Court to request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  When determining whether exceptional circumstances exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Neither factor is dispositive and they must be viewed together before reaching a decision on a request for counsel.  *Id.*

While this matter has been pending for some time, the likelihood of Plaintiff's success on the merits remains unclear.  It is, for example, not clear any significant discovery has occurred and no dispositive motions have been filed.  Also, in addition to the fact Plaintiff previously demonstrated an adequate ability to articulate his claims pro se, *see* Dkt. 44 (Order denying request for appointment of counsel), he now has the ability to proceed on an amended and improved complaint prepared by counsel if he so chooses, *see* Dkt. 65.  The Court therefore does not find exceptional circumstances warranting the appointment of counsel at this time.  Given the withdrawal of counsel, Plaintiff is permitted to again proceed pro se.  *See* LCR 83.2(b)(5).

## CONCLUSION

For the reasons set forth above, Plaintiff's Counsel's Motion to Withdraw as Attorney, Dkt. 70, is GRANTED.  Plaintiff now proceeds pro se and the Court will separately enter a revised case schedule extending the remaining case deadlines.

//

//

//

//

ORDER RE: MOTION TO WITHDRAW AS ATTORNEY - 7

The Clerk is directed to send copies of this order to Jay Krulewitch, Plaintiff Tommie Slack at Benton County Jail in Kennewick, WA, Defendants, and to the Honorable Ricardo S. Martinez.

Dated this 25th day of April, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: MOTION TO WITHDRAW AS ATTORNEY - 8