UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMIE SLACK,<br><br>            Plaintiff,<br><br>   v.<br><br>S. KARIKO, et al.,<br><br>            Defendant. | Case No. C20-05508-RSM-SKV<br><br>ORDER ON MOTION TO APPOINT EXPERT |

      Plaintiff proceeds pro se in this 42 U.S.C. § 1983 civil rights action. Plaintiff has filed an amended complaint and Defendants have filed an answer. Dkts. 66 & 69. Plaintiff has now filed a motion for a court appointed expert, Dkt. 83. For the reasons set forth below, Plaintiff's motion, Dkt. 83, is DENIED.

<u>DISCUSSION</u>

      Plaintiff moves for the Court to appoint an expert witness for his constitutional claims alleging deliberate indifference on the part of various Department of Corrections (DOC) employees related to his medical care. Dkt. 83 at 3. Plaintiff argues that appointing him an expert would "be avoiding a wholly one[-]sided presentation of opinion on the issue." *Id.* Alternatively, Mr. Slack appears to request that he be permitted to present "a brief by an expert

ORDER ON MOTION TO APPOINT EXPERT - 1

on DOC's Offender Health Plan Manual" in order to demonstrate a genuine issue of material fact for trial. *Id.* at 5.

Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of Cal. Sch. For the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,* 471 U.S. 148 (1985). "The determination to appoint an expert rests solely in the court's discretion and turns upon the complexity of the matters to be determined and the need for neutral expert review." *Turner v. Ralkey*, No. C20-5472-BHS-DWC, 2021 WL 135855 at *2 (W.D. Wash. Jan. 13, 2021) (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). "Appointment [of expert witnesses] may be appropriate when 'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue....'" *Levi v. Director of Corrections*, 2006 WL 845733 (E.D. Cal. March 31, 2006) (citing *Ledford,* 105 F.3d at 358–59 (7th Cir. 1997)). However, "[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford*, No. C05-1705, 2008 WL 793413 (S.D. Cal., March 24, 2008) (citation omitted).

The primary issue in this case is whether Defendants acted with deliberate indifference to Plaintiff's serious medical needs in their treatment of Plaintiff's complaints of pain and other physical problems related to a growth on his back while Plaintiff was housed in Department of Corrections (DOC) facilities from approximately September 2018 to September 2020. Dkt. 66. Plaintiff appears to be requesting that the Court appoint an expert to serve as his advocate in order to show that Plaintiff suffered from a serious medical need, treatment of that need was medically necessary, and Defendants were deliberately indifferent in their treatment of Plaintiff. Dkt. 83. This, however, is not the function of a neutral expert witness. *See Spinks v. Lopez*, No.

ORDER ON MOTION TO APPOINT EXPERT - 2

1   C10-01886, 2014 WL 411283, at *2 (E.D. Cal. Feb. 3, 2014), *subsequently aff'd,* 623 F. App'x

2   499 (9th Cir. 2015) ("The appointment of an expert witness under Rule 706 is intended to benefit

3   the trier of fact, not a particular litigant[.]"); *Bontemps v. Lee*, No. C12-0771, 2013 WL 417790,

4   at *3–4 (E.D. Cal. Jan.31, 2013); *Gamez v. Gonzalez*, No. C08-1113, 2010 WL 2228427, at *1

5   (E.D. Cal. Jun. 3, 2010).

6          To the extent Plaintiff's request can be construed as a request for a neutral expert, the

7   facts of this case are not extraordinary and the legal issues do not appear to be complex. *See*

8   *Sloan v. Oakland Police Dep't*, 376 F. App'x 738, 740 (9th Cir. 2010); *Honeycutt v. Snider*, No.

9   C11-00393, 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in

10  deliberate indifference cases is rare, and such requests should be granted sparingly, particularly

11  given the large volume of cases in which indigent prisoners allege claims under the Eighth

12  Amendment related to medical care, and the substantial expense defendants may have to bear if

13  courts were to appoint experts in such cases."). At this stage of litigation, the Court does not

14  need a neutral expert to determine any issues in this case. Accordingly, Plaintiff's motion for a

15  court appointed expert, Dkt. 83, is denied.

16         Alternatively, Plaintiff appears to request that he be permitted to present "a brief by an

17  expert on DOC's Offender Health Plan Manual" in order to demonstrate a genuine issue of

18  material fact for trial. *Id.* at 5. However, the Court notes that Plaintiff does not identify the

19  name of the expert or provide any information on the substance of that expert's opinion. *Id.*

20  Furthermore, Plaintiff appears to be seeking to admit the expert's brief as a means to defend

21  against a summary judgment motion and show a genuine issue of fact for trial. *Id.* But, as

22  Defendants point out, neither party has yet filed a motion for summary judgment and, as such, it

23  appears Plaintiff's request is premature. If Plaintiff ultimately seeks to present this expert report

in support of or in opposition to any subsequently filed motion for summary judgment, and at that time Defendants have additional objections to the report, the Court will take up the objections at that time.

The Court also notes that it appears Plaintiff may be raising this issue at this time because of the upcoming deadline for disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2). *See* Dkt. 82. As discussed above it is premature to present evidence in the form of an expert report to the court at this time. However, if Plaintiff's concern is related to the upcoming deadline for expert disclosure, the Court notes that Plaintiff satisfies this obligation under Fed. R. Civ. P. 26(a)(2) by providing the relevant information outlined in that rule to the "other parties" in the case, i.e., the Defendants.

## CONCLUSION

For the above reasons, Plaintiff's motion for a court appointed expert, Dkt. 83, is DENIED.

The Clerk is directed to provide copies of this order to Plaintiff, Defendants and to the Hon. Ricardo S. Martinez.

Dated this 12th day of July, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER ON MOTION TO APPOINT EXPERT - 4