UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMIE SLACK,

        Plaintiff,

   v.

S. KARIKO, et al.,

        Defendant.

Case No. C20-05508-RSM-SKV

ORDER ON MOTION TO SERVE

Plaintiff proceeds *pro se* in this 42 U.S.C. § 1983 civil rights action. Plaintiff has filed an amended complaint which has been served on all named Defendants except Martha Newlon, Lysle Williams, and Sarah Landis. Dkt. 66. The Defendants who have been served have filed an answer. Dkts. 69. Defense counsel in this case previously filed a Notice Regarding Inmate Pro Se Service Documents stating that the Attorney General's Office was unable to waive service on behalf of Defendants Newlon and Williams because they are no longer employees of the Washington State Department of Corrections (DOC). Dkt. 29.

Plaintiff has now filed a motion requesting that the Court serve the remaining unserved Defendants: Newlon, Williams, and Landis[1]. Dkt. 84. In response, counsel for Defendants

---

[1] Defendant Sarah Landis, a doctor employed by the DOC at the time of the events giving rise to Plaintiff's claims, was recently added as a Defendant in the amended complaint. Dkt. 66.

ORDER ON MOTION TO SERVE - 1

indicates that, as this Court has previously noted, Plaintiff is generally responsible for providing sufficient information for Defendants in order for the Court to effect service. Dkt. 86. However, Defense counsel has also previously indicated that they would provide the last known addresses of the unserved Defendants under seal if directed to do so by the Court. Dkt. 43. Defense counsel requests here, again, that if the Court grants Plaintiff's motion they be permitted to provide the last known addresses of the unserved Defendants under seal so that the Court can send waivers of service to those addresses prior to taking other steps to try to effectuate service. Dkt. 86.

While it is ultimately Plaintiff's responsibility to provide sufficient information for Defendants in order for the Court to effect service, it appears that Plaintiff, who is now proceeding *pro se* and is currently incarcerated, has had significant difficulty obtaining the addresses of the unserved Defendants. Furthermore, as Defense counsel acknowledges, the unserved Defendants are former DOC employees and, as such, Defense counsel has access to the information on their last known addresses.

Under the circumstances, in the interests of justice and judicial efficiency, the Court hereby ORDERS:

(1) Plaintiff's motion to serve, Dkt. 84, is GRANTED.

(2) Defense counsel is directed to file the last known addresses for the unserved Defendants (Newlon, Williams, and Landis) under seal on or before **July 29, 2022**, so that the Court can attempt to effect service on these Defendants.

(3) Defendants Newlon, Williams, and Landis may also satisfy this Order by filing waivers of service and by having counsel enter a notice of appearance on their behalf.

ORDER ON MOTION TO SERVE - 2

(4) The Clerk is directed to provide copies of this order to Plaintiff, counsel for Defendants, and to the Hon. Ricardo S. Martinez.

Dated this 20th day of July, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER ON MOTION TO SERVE - 3