UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMIE SLACK,

          Plaintiff,

   v.

SARAH KARIKO, et al.,

          Defendant.

Case No. C20-05508-RSM-SKV

ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE, DIRECTING PARTIES TO MEET AND CONFER, AND EXTENDING DISCOVERY DEADLINE

Plaintiff proceeds pro se in this 42 U.S.C. § 1983 civil rights action. Plaintiff has filed three separate motions seeking to compel further responses to discovery requests directed to Defendants Curry, Sinclair, and Kariko. Dkts. 105, 106, 107. Defendants oppose all three motions, arguing that Plaintiff's motions must be denied as he has failed to meet and confer, or attempted to meet and confer, with Defendants regarding the issues raised in his motions. Dkts. 108, 109, 110, 111, 112, 113. Plaintiff did not file replies.

Fed. R. Civ. P. 37(a) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

ORDER DENYING MOTION TO COMPEL
WITHOUT PREJUDICE, DIRECTING PARTIES
TO MEET AND CONFER, AND EXTENDING
DISCOVERY DEADLINE - 1

Similarly, Local Civil Rule (LCR) 37 provides, in relevant part:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37.

Here, Plaintiff has failed to provide a certification that he conferred with Defendants' counsel. Dkts. 105, 106, 107. He has also failed to attach any documentation showing he requested a meet and confer with Defendants' counsel. *Id*. Furthermore, Defendants' counsel submitted declarations indicating counsel received Plaintiff's motion to compel, but Plaintiff had not attempted to meet and confer regarding the discovery dispute. Dkts. 109, 111, 113. Therefore, the Court finds Plaintiff has failed to comply with Fed. R. Civ. P. 37 and LCR 37 by certifying he conferred or attempted to confer with Defendants' counsel regarding the requested discovery prior to filing the motions to compel.

For the foregoing reason, Plaintiff's motions to compel, Dkts. 105, 106, 107, are DENIED without prejudice. However, in light of Plaintiff's *pro se* status and his current incarceration, Defendants are directed to make arrangements to meet and confer with Plaintiff regarding any outstanding discovery issues, if possible, by **November 16, 2022**. The Court hereby extends the discovery deadline to **November 23, 2022**. Any further motions to compel or requests for extension of that deadline must be made prior to **November 23, 2022**. The Clerk is directed to re-note Defendants' motion for summary judgment to **December 16, 2022**. Plaintiff's response to Defendants' motion for summary judgment shall be due by **December 12,**

2022. If the parties believe that further extension of any other deadlines in the case is required, they should file a request for such an extension with the Court.

    The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

    Dated this 1st day of November, 2022.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING MOTION TO COMPEL
WITHOUT PREJUDICE, DIRECTING PARTIES
TO MEET AND CONFER, AND EXTENDING
DISCOVERY DEADLINE - 3