UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMIE SLACK,

                Plaintiff,

    v.

SARAH KARIKO, et al., *et al.*,

                Defendants.

Case No. C20-5508-RSM-SKV

ORDER DIRECTING CLERK TO REDACT DOCUMENTS, AND TO SUBSTITUTE AND/OR UNSEAL THE REDACTED DOCUMENTS

This is a civil rights action proceeding under 42 U.S.C. § 1983. Currently pending before the Court are Defendants' motion for summary judgment (Dkt. 115), Plaintiff's motion to strike certain declarations submitted in support of the motion for summary judgment (Dkt. 123), and Plaintiff's motion to appoint counsel (Dkt. 127). Plaintiff has filed a response to the motion for summary judgment (Dkt. 124), a declaration in support of his response (Dkt. 125), and a 285-page document which appears to consist of exhibits supporting Plaintiff's response to the motion for summary judgment (Dkts. 126, 126-1). The supporting document was filed under seal from the public as it appeared to contain sensitive information requiring redaction. *Id.*

Local Civil Rule 5.2 provides, in relevant part, that:

Parties shall refrain from including, or shall partially redact where inclusion is

necessary, the following personal date identifiers from all documents filed with the court or used as exhibits in any hearing or at trial, to include state court records filed in removal actions, unless otherwise ordered by the court:

(1) Dates of Birth – redact to the year of birth, unless deceased[.]

Upon review of the documents submitted by Plaintiff in support of his response to Defendants' motion for summary judgment (Dkts. 126, 126-1), the Court identified several instances where dates of birth are unredacted.  In particular, this appears to be an issue at pages 4, 31, 39-41, 62-64, and 67 of Dkt. 126-1.  The Court's review of Plaintiff's recently filed exhibits made the Court aware that similar unredacted dates of birth appear in materials previously submitted by Plaintiff in support of his original complaint in June 2020.  *See* Dkts. 1-1, 1-2, 5, 5-1.  In particular, this appears to be an issue at page 74 of Dkts. 1-1 and 5, and at pages 3, 27, 34-36, 44, 55-56, 58, 61, and 65-69 of Dkts. 1-2 and 5-1.  These documents need to be properly redacted before this action proceeds further.  While it is the responsibility of the party that submits a document to ensure appropriate redactions are made, in the interests of efficiency, the Court will direct the Clerk to make the necessary redactions in this instance.

Based on the foregoing, the Court ORDERS as follows:

(1)     The Clerk is directed to REDACT the dates of birth that appear in both the exhibits attached to Plaintiff's original complaint and those submitted in response to Defendants' motion for summary judgment, as identified above.  The Clerk shall thereafter SUBSTITUTE the redacted versions of Dkts. 1-1, 1-2, 5 and 5-1, for those that currently appear on the docket.  The Clerk shall also UNSEAL Dkts. 126 and 126-1 after appropriate redactions are made.

(2) Defendants may file a supplemental reply brief in support of their motion for summary judgment not later than **January 20, 2023**. The Clerk shall RE-NOTE Defendants' motion for summary judgment (Dkt. 115) for consideration on that date.

(3) The Court also deems it appropriate to consider Plaintiff's motion to strike certain declarations submitted in support of the motion for summary judgment (Dkt. 123), and Plaintiff's motion to appoint counsel (Dkt. 127), together with Defendants' motion for summary judgment. The Clerk is therefore directed to RE-NOTE Plaintiff's motion to strike (Dkt. 123), and Plaintiff's motion to appoint counsel (Dkt. 127), for consideration on **January 20, 2023**, as well.

(4) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Ricardo S. Martinez.

Dated this 6th day of January, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING CLERK TO
REDACT DOCUMENTS - 3