UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMIE SLACK,

      Plaintiff,

 v.

SARAH KARIKO, et al.,

      Defendants.

Case No. C20-05508-RSM-SKV

ORDER GRANTING SECOND MOTION TO STAY OR EXTEND PRETRIAL DEADLINES

   This is a 42 U.S.C. § 1983 civil rights action. Currently pending before the Court are Defendants' motion for summary judgment (Dkt. 115), Plaintiff's motion to strike certain documents submitted in support of the motion for summary judgment (Dkt. 123), and Plaintiff's second motion to appoint counsel (Dkt. 127).

   Defendants have filed a second motion to stay the trial date and remaining pretrial deadlines in the case pending a decision on their motion for summary judgment or, alternatively, for an extension of the trial date and remaining pretrial deadlines. Dkt. 142. Defendants argue that the Court's ruling on Defendants' motion for summary judgment will necessarily impact the scope of this case going forward, and that it is difficult to comply with the pretrial deadlines without knowing which claims, if any, will proceed to trial. *Id.*

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). This power includes broad discretion to stay proceedings when appropriate. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). In determining whether to grant a motion to stay, the Court weighs "the competing interests which will be affected by the granting or refusal to grant a stay," including: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

Because the ruling on the motion for summary judgment may impact the scope of the case proceeding to trial, the Court finds the interests of justice and judicial efficiency warrant a stay of the current pretrial schedule. The Court, having reviewed Defendants' motion and the relevant record,[1] hereby **ORDERS**:

(1) The Defendants' motion to stay proceedings, Dkt. 142, is GRANTED.

(2) The remaining pretrial deadlines in this matter are STRICKEN and this action is STAYED pending the Court's ruling on Defendants' motion for summary judgment.

(3) The Clerk is directed to provide a copy of this order to the parties and to Judge Martinez.

Dated this 29th day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Plaintiff has not yet responded to this motion, but the Court has determined that a response is not necessary in this instance.

ORDER GRANTING SECOND MOTION TO
STAY OR EXTEND PRETRIAL DEADLINES - 2